# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
MONALISA DOCKERY,              )
                               )
     Plaintiff,                )
                               )
     v.                        )    2:19-CV-24
                               )
WILLIE GASKIN and              )
EAGLE EXPRESS LINES, INC.,     )
                               )
     Defendants.               )
```

**ORDER**

Before the Court is a motion for summary judgment filed by Defendants Willie Gaskin ("Gaskin") and Eagle Express Lines, Inc. ("Eagle Express"). Dkt. No. 67. For the reasons below, the motion is **DENIED**.

**BACKGROUND**

Defendant Willie Gaskin drives a truck for his co-Defendant, Eagle Express Lines. Dkt. No. 1-1 ¶ 11. In early November 2018, Gaskin was driving his truck on I-95 when Aaron Sharpe (formerly a defendant in this case) veered into Gaskin's lane and crashed. Dkt. No. 68-1 at 19:2-25; Dkt. No. 68-2 at 47:1-9. Sharpe was later suspected of driving drunk, id. at 10:15-24, 12:3-18, for which his criminal charges apparently remain pending, dkt. no. 79 at 9-10. The impact damaged Gaskin's truck (specifically the "tie rod,"

which connects the steer axles and the left front wheel), causing the truck to move left across traffic and hit Plaintiff's vehicle. Dkt. No. 68-2 at 56–57, 60; Dkt. No. 68-1 at 48:5-15; Dkt. No. 68-4 at 49:23-50:4, 75:6-76:5, 95:21-96:3. Plaintiff was driving, with two passengers in her vehicle. Dkt. No. 79-1. Plaintiff and one of her passengers (George Piggee) were injured in the accident. Dkt. No. 1-1 ¶ 15.

In separate lawsuits, Plaintiff and the injured passenger sued Gaskin, Eagle Express, Sharpe, and a company called Protective Insurance Company. See Id. Defendants removed both cases to federal court. Dkt. No. 1. As the motion comes to the Court, however, Sharpe and Protective Insurance are no longer parties to this case. Discovery revealed Protective Insurance Company is an "excess insurer"—and therefore not subject to direct suit under Georgia law, see O.C.G.A. § 40-2-140(d)(4), so Plaintiff agreed to dismiss it without prejudice. See Dkt. Nos. 30, 31. Plaintiff eventually settled with Sharpe and filed a consent motion dismissing him from the case with prejudice. See Dkt. Nos. 77, 78.

During discovery, the Magistrate Judge granted numerous stays and extensions of time, each in the hope that the time provided would see a conclusion to Sharpe's prosecution and avoid the looming Fifth Amendment issue. See Dkt. Nos. 37; 39; 41; 57. In all, the stay was in place for over nine months. See dkt. nos. 43

(denying fourth request for a stay and instructing the parties to proceed with other discovery and advise the court if the parties were unable to conduct Sharpe's deposition by the discover deadline), 51 (same). But the discovery period came and went, and Sharpe's charges never did resolve. See dkt. nos. 60 (status report), 62 (minute entry of status conference, noting that "Defense . . . . [w]ould like to get the deposition of Mr. Sharpe before filing motion for summary judgment," and advising the parties "to confer and then propose a schedule and extension to [the] motions deadline[,] taking into account the pending issues before [the] motions deadline [ran]"). Sharpe eventually moved for a stay, but that motion was denied as moot after he was dismissed from the case. See dkt. nos. 64 (motion to stay), 76 (Plaintiff's response in support of the stay), 82 (order). Plaintiff did not move for an extension or a stay before the July 12 deadline for dispositive motions—so Defendants moved for summary judgment. Dkt. No. 67.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure say that courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact," such that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A factual

dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, therefore, the Court must view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970). So if a reasonable factfinder could "draw more than one inference from the facts . . . then the court should not grant summary judgment." Allen v. Bd. Of Pub. Educ., 495 F.3d 1305, 1315 (11th Cir. 2007).

## DISCUSSION

Defendants ask the Court to grant summary judgment because, in their view, there is no evidence that Gaskin was driving negligently. Dkt. No. 67 at 1.[1] They contend that because Plaintiff admits that "Gaskin was 'properly and lawfully driving in the right lane of I-95,'" dkt. no. 83 at 1, and "the uncontradicted evidence shows [that] Gaskin lost the ability to control the truck's movements after the contact with Sharpe's vehicle," dkt. no. 67 at

---

[1] The parties correctly assume that Georgia law governs the claims here. In a diversity action, this Court applies Georgia's choice-of-law rules. Brown v. SSA Atlantic, Inc., No. 4:19-cv-00303, 2021 WL 3376827, at *3 (S.D. Ga. Aug. 3, 2021) (courts apply the forum state's choice of law rules). In tort actions, Georgia law points to the substantive law of the place where the tort occurred. Id. Plaintiffs allege, and Defendants do not dispute, that the accident took place on I-95 in Camden County, Georgia, see dkt. no. 1-1 ¶ 11—so Georgia law provides the substantive basis of decision.

4

1, there is "no evidence Gaskin breached any duty owed to Plaintiff," dkt. no. 68 at 10; see also dkt. no. 83. Defendants also contend, in a one-sentence footnote, that Sharpe's "intervening actions"—presumably meaning driving drunk and swerving into Gaskin's lane—"cut off any causation argument." Id. at 11 n.6. In response, Plaintiff advances two arguments: (1) that a jury could infer that Gaskin was negligent in failing to avoid contact with Sharpe, causing the accidents, dkt. no. 79 at 2, 4-9; and (2) that it would be inappropriate to grant summary judgment without giving Plaintiff the opportunity to depose Sharpe, who will apparently not answer questions until his criminal charges are resolved, id. at 2, 9-10.

Defendants offer strong arguments that Gaskin exercised reasonable care and was simply unable to avoid making contact with Sharpe—but that does not mean that no reasonable jury could disagree with those arguments. Georgia law strongly disfavors taking the question of breach away from the jury, and this is not such a "plain and indisputable" case that doing so would be appropriate. Further, since Gaskin's alleged negligence is still in play, Defendants' intervening cause argument will reach the jury as well. As explained below, a jury could reasonably conclude that the conditions Gaskin faced were foreseeable, and that the

accident would not have happened if Gaskin had exercised reasonable care. Thus, Defendants' motion for summary judgment must be **DENIED**.

**A. A jury could find that Gaskin breached his duty to Plaintiffs.**

"To prevail on a claim of negligence, a plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach of duty caused the plaintiff to sustain an injury." Whitlock v. Moore, 720 S.E.2d 194, 199 (Ga. Ct. App. 2011) (citation omitted). "When assessing the extent to which one owes a duty to another and whether he has breached that duty, 'the governing consideration is what the person sought to be charged should reasonably have foreseen[.]" Id. (quoting Porch v. Wright, 156 S.E.2d 532 (Ga. Ct. App. 1967)). Defendants do not argue that Plaintiff was not a foreseeable victim of Gaskin's allegedly negligent failure to avoid Sharpe's vehicle— and, indeed, it is well-settled that drivers in Georgia owe a duty of reasonable care to others on the roadway. McKissick v. Giroux, 612 S.E.2d 827, 829 (Ga. Ct. App. 2005) ("common law imposes a duty on all drivers to exercise ordinary care with regard to other drivers on or users of the highway") (cataloguing cases). Thus, the dispositive question is breach.

Georgia law disfavors taking the question of breach away from the jury, holding that summary judgment is appropriate on that point only in "plain and indisputable cases." Ga. Dep't of Hum.

6

Res. v. Bulbalia, 694 S.E.2d 115, 118 (Ga. Ct. App. 2010); see also Bussey v. Dawson, 160 S.E.2d 834, 836 (Ga. 1968) (similar); Harper v. Plunkett, 176 S.E.2d 187, 188 (Ga. Ct. App. 1970) ("It has been held time and again that all questions of negligence are for the jury's determination except in plain and palpable cases" (citation omitted)); cf. Brown, 2021 WL 3376827 at *4. In claiming that this is such a case, Defendants rely on the fact that the evidence in the record suggests that Sharpe caused this auto accident:

- Sharpe was apparently drunk and driving erratically, dkt. no. 80 ¶ 2;
- he veered into Gaskin's Lane, id.;
- and Gaskin's only chance to avoid him was slowing down—if he had veered away he might have gone in the swamp, dkt. no. 68-2 at 89:14-20.

See Dkt. 68 at 9-11. These are strong arguments based on strong evidence; however, conflicting arguments and conflicting evidence exist.

As a result, there is at least some evidence which, if the jury viewed it in the light most favorable to Plaintiff, and made all reasonable inferences in her favor (as the Court must do here), might permit the opposite conclusion:

7

- Gaskin said he saw Sharpe a few seconds before the collision took place, dkt. no. 68-2 at 47:21-48:3;
- Gaskin was unable to stop before making contact with Sharpe, id. at 48:4-5;
- Sharpe's statement to police indicated that Gaskin's truck hit him from behind, dkt. no. 79-1 at 4 (narrative section); and
- it was raining on the day of the accident, see id.

Piecing all that together, it is possible for a rational jury to find that Gaskin had an opportunity to avoid the collision. Even though Gaskin only saw Sharpe a few seconds before the collision, a jury may well believe that was plenty of time to react—they may even surmise that Gaskin should have seen Sharpe sooner. No matter how quickly Gaskin slowed down, a jury may well believe that he could have slowed down more—or faster. Even if Gaskin was already driving below the speed limit, a jury could be persuaded that his speed was still slightly too fast for conditions. So while the evidence suggests Sharpe was driving drunk, a jury might believe that Gaskin (for one or more of these reasons) could have reasonably avoided him. See, e.g., Sommers v. Hall, No. 4:08-cv-257, 2010 WL 11607318, *2 (S.D. Ga. Feb. 16, 2010) (denying summary judgment in a car crash negligence case because, while there was

8

not direct evidence that a company told its driver to continue driving despite an issue with the vehicle's lights, the evidence permitted the jury to infer that such a conversation took place).

So while Defendants' construction of the facts may be powerful, it is not inevitable. True, it is undisputed that Sharpe improperly changed lanes and veered into Gaskin's path. Dkt. No. 83 at 1 (citing dkt. no. 1-1 ¶ 12 and dkt. no. 68-2 at 48:2-3). So too, everyone agrees that Gaskin slowed down within seconds of perceiving Sharpe's vehicle. Id. (citing dkt. no. 68-2 at 48:4-5). And no one doubts that Gaskin "has to perceive a hazard before reacting to it." Id. at 2. But without some objective evidence suggesting that Gaskin's speed was *per se* reasonable; that he perceived Sharpe's vehicle in an *objectively* reasonable timeframe; and that he slowed down at a time and to a speed that were *per se* reasonable, there is simply no justifiable basis for this Court to conclude that Gaskin acted reasonably as a matter of *law*. Without a clear showing to that end, Georgia law is clear: negligence is a question for the jury. Bulbalia, 694 S.E.2d at 118.[2]

Perhaps recognizing this, Defendants lean heavily on an "admission" in Plaintiff's response to their statement of material facts. See Dkt. No. 83 at 1, 3-5 (citing dkt. no. 80 ¶ 1). As

---

[2] For the same reason, a fact issue remains on Plaintiff's negligence per se claim, as well.

Defendants see it, no jury could find that Gaskin was negligent, id. at 1, was following too close, id. at 3, or that he was driving too fast for conditions, id. 4, because Plaintiff has admitted that Gaskin was "properly and lawfully driving in the right lane of I-95" prior to the accident, id. at 1 (citation omitted).

The statement of material fact itself, however, lacks clarity. As plaintiff's counsel understandably indicated at the hearing on Defendants' motion for summary judgment, he understood the factual allegation in paragraph one to be that it was proper and lawful to be in the right lane—not that everything about Gaskin's driving was proper and lawful right up to the moment of contact. See O.C.G.A. § 40-6-52(b) ("On roads, streets, or highways with three or more lanes allowing for movement in the same direction, it shall be unlawful for any truck to operate in any lanes other than the two most right-hand lanes"). Indeed, since the parties clearly disagree on whether Gaskin was negligent, it stands to reason that Plaintiffs would have *denied* and responded to the factual allegation if they understood it—as Defendants do—to completely resolve the negligence question here.

And there are other ways to read paragraph one, besides. Since it is situated at the very beginning of Defendant's statement of material facts, a reader could be forgiven for understanding the "fact" identified to be introductory: Gaskin was driving properly

10

and lawfully, and then (sometime later) perceived Sharpe—at which point the propriety of his actions come into dispute. Just so, the next two paragraphs explain that Gaskin was unable to avoid Sharpe's vehicle after Sharpe improperly changed lanes—and the parties' interpretations of the facts immediately diverge. See Dkt. No. 80 ¶¶ 2-3 (disputing both factual statements as written). So it is not at all clear that Plaintiff's response *concedes* that they have maintained a meritless suit and all of Gaskin's pre-collision conduct was reasonable.

So the Court, simply put, declines to give dispositive weight to a good-faith admission of an at-least-arguably ambiguous "fact."

Finally, Defendants' emphasis on the fact that mechanical failure caused Gaskin's truck to hit Plaintiff's car is misplaced. See Dkt. No. 68 at 10–11; Dkt. No. 83 at 3–5. Since Defendants do not dispute that Gaskin owed a duty to other drivers on the road, whether Defendants can be liable for damages attributable to mechanical failure is an issue of causation (which Defendants have not raised in their motion)—not breach. See 13 Ga. Jur. 2:13 ("The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation . . . . A wrongdoer is not responsible for a consequence which is merely possible according

to occasional experience, but only for a consequence which is probable according to ordinary and usual experience.").

Thus, whether Gaskin negligently failed to avoid Sharpe's vehicle is an issue for the jury—not the Court.

**B. Sharpe's actions are not a per se intervening cause because a jury could find that drunk drivers are foreseeable and that the accident would not have happened without Gaskin's alleged negligence.**

Since a fact issue remains on whether Gaskin was negligent, the Court must also deny Defendants' argument that "Sharpe's intervening actions also cut off any causation[.]" Dkt. No. 68 at 11 n.6 (citation omitted).

Georgia law holds that there is no proximate cause when an intervening (particularly criminal) act cuts off the causal chain between the defendant's negligence and the plaintiff's injury. Finney v. Machiz, 463 S.E.2d 60 (Ga. Ct. App. 1995). But an intervening cause must "not be foreseeable by [the] defendant," and must be "sufficient itself to cause the injury." Id. So in Finney, for example, the defendant was negligent in driving a passenger van while drunk, but his negligence was not the *cause* of the plaintiff's injuries because the undisputed evidence showed that another driver crossed the center line and struck the van— which would have happened whether or not the van driver was drunk. Id. at 61.

12

Here, on the other hand, neither requirement for an intervening cause is met—at least not as a matter of law. *First*, a jury could certainly find that encountering dangerous drivers on the highway is foreseeable (and cautions careful driving, particularly in the rain). Sommers v. Hall, No. 4:08-cv-257, 2010 WL 11607317, *2-3 (S.D. Ga. 2010) ("Whether an intervening act is a reasonably foreseeable consequence of a defendant's negligence is generally a question for the trier of fact and inappropriate for summary adjudication"). And *second*, the evidence in this case shows that Sharpe—though driving drunk—veered into *Gaskin's* lane, not Plaintiff's. So if a jury found Gaskin negligent in failing to avoid Sharpe's vehicle, it could also find that, without that negligence, the collision with Plaintiff would never have happened. See id. (rejecting the argument that a drunk driver broke the chain of causation where a jury could find that being struck by a driver failing to maintain their lane was arguably a foreseeable consequence of parking illegally in the emergency lane). In short: Sharpe's drunk driving was not, at least as a matter of law, an intervening cause.[3]

---

[3] Because the motion for summary judgment is denied on the merits, there is no need to address Plaintiff's arguments that summary judgment must be denied until they have the opportunity to depose Sharpe.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment, dkt. no. 67, is **DENIED**. The parties' proposed consolidated pretrial order shall be due **thirty (30) days** from the date of this Order.

**SO ORDERED** this 15th day of October, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA