IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| MONALISA DOCKERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NUMBER:  2:19-CV-24 |
| | ) | |
| WILLIE GASKIN and | ) | |
| EAGLE EXPRESS LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GEORGE PIGGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NUMBER:  2:19-CV-25 |
| | ) | |
| WILLIE GASKIN and | ) | |
| EAGLE EXPRESS LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION IN LIMINE**

COMES NOW, Plaintiffs in the above-styled action, and file their Motion in Limine, as

follows:

**1.    Sharpe's alleged drug use.**

Plaintiff anticipates that Defendants will elicit testimony that Aaron Sharpe was on drugs.

The Trooper indicated that Sharpe was  –  charging him with a violation of O.C.G.A. sec. 40-6-

391(a)(2), which states that a person "shall not drive . . . [while u]nder the influence of any drug

to the extent that it is less safe for the person to drive."

To the best of Plaintiffs' knowledge, there is no reliable evidence that Sharpe was on drugs. Plaintiffs have not seen any blood test results indicating that Sharpe was on drugs, and Plaintiffs do not believe that Sharpe admitted that he was on drugs (though Plaintiffs do not know the disposition of Sharpe's criminal charges).

Any testimony that "Sharpe was on drugs" is speculative and not based on sufficient facts or data under Rule 702. It is also prejudicial and should be excluded under Rule 403.

Conversely, Plaintiffs believe that it is permissible for the Trooper to testify that he smelled alcohol on Sharpe and that Sharpe blew a 0.034 on preliminary breath test; however, they would respectfully ask the Court to exclude any speculative testimony that Sharpe was on drugs too.

Plaintiffs' would also ask the Court to bar any non-scientific testimony that Sharpe was impaired because he was combative on arrest, such as:

Q:      Is the fact that someone gets combative if you ask them about alcohol consumption, is that – is that usual?

A:      It – I have never thought of that, but that's a good question. I will tell you that in my experience the people that I have – and I have maybe taken 40 people to jail for DUI. I would say that the people that have gotten agitated, that have gotten angry at me over the process have been impaired.


**2.       Plaintiffs' settlement with Sharpe.**

Plaintiffs settled with Sharpe and gave him a limited release in exchange for payment of his minimum-limits car insurance policy. The funds were split between multiple people, including at least one person who is not a Plaintiff.

2

Under Rule 408 compromise offers and negotiations are not admissible.  408(a)(1) specifically states that evidence of the "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim" is "not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."

As indicated by the 5th Cir. Court of Appeals, under "Rule 408, a defendant cannot prove the invalidity or amount of a plaintiff's claim by proof of plaintiff's settlement with a third person, nor can plaintiff show the defendant's liability or extent of liability, by proof of defendant's settlement with a third person." McHann v. Firestone Tire & Rubber Co., 713 F.2d 161, 166 (1983) (internal punctuation omitted).

Thus, it would be impermissible to argue that Sharpe is exclusively at fault because Plaintiffs settled with him (or something of that nature).  Plaintiffs would therefore ask the Court to bar any evidence or argument related to Plaintiffs' settlement agreement with Sharpe.

**WHEREFORE**, the Plaintiffs respectfully ask to **GRANT** this Motion in Limine.

This 9th day of March, 2022.

/s/ Brent J. Savage, Jr.
Brent J. Savage, Jr.
Georgia Bar No. 940349

SAVAGE, TURNER, PINCKNEY & SAVAGE
P.O. Box 10600
Savannah, Georgia 31412
T: (912) 231-1140
brentsavagejr@savagelawfirm.net